Nickolis S. CHAPMAN, Appellant,

v.

STATE OF MARYLAND, Appellee.

No. 74–1705.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1975.

Decided May 29, 1975.

Luther C. West, Baltimore, Md. [Court-appointed], for appellant.

Bernard A. Raum, Asst. Atty. Gen. of Md. (Francis B. Burch, Atty. Gen. of Md., and Clarence W. Sharp, Asst. Atty. Gen., Chief, Crim. Div., on brief), for appellee.

Before ANDERSON, Senior Circuit Judge,* and CRAVEN and FIELD, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of habeas relief by the district court. In a thorough opinion the district judge reviewed the determinations of the Maryland courts and concluded that suppression of a police report was not "material" in the sense that word was used in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. He noted that the trial was nonjury. He also noted that to the extent that the police report cast doubt on the identification testimony of the prosecuting witness it was cumulative. Other evidence clearly indicated her initial confusion as to how many persons had raped her and her capacity positively to identify this particular appel-

* Second Circuit Judge, Sitting by Designation.

lant. The district court correctly concluded, we think, that there was no "reasonable likelihood" that production of the report would have affected the triers of fact. Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Affirmed.